IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

VINCENT ELLIOT WILSON,
Plaintiff,

v.                                                                Civil Action No. 3:22cv385 (DJN)

BETH ARTHUR, *et al.*,
Defendants.

**MEMORANDUM OPINION**

Plaintiff, a Virginia inmate proceeding *pro se*, submitted this action under 42 U.S.C. § 1983. By Memorandum Opinion and Order entered on April 19, 2023, the Court dismissed the action without prejudice, because Plaintiff failed to follow the Court's instructions and file a single particularized complaint. On May 3, 2023, Plaintiff submitted a "Motion to Reinstate Case." (ECF No. 39.) On May 11, 2023, the Court received additional motions from Plaintiff. (ECF Nos. 43, 44.) Because Plaintiff's Motions were received within twenty-eight days after the entry of the April 19, 2023 Memorandum Opinion and Order, the Court will construe these submissions as motions filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motions"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (filings made within twenty-eight days after the entry of judgment construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an

intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Plaintiff apparently seeks relief under the third ground. Plaintiff, however, fails to demonstrate that the Court made a clear error of law or that reinstatement of his case is necessary to prevent a manifest injustice. Accordingly, the Rule 59(e) Motions, (ECF Nos. 39, 43, 44), will be DENIED.

On June 7, 2023, Plaintiff filed a Motion for Leave to File an Amended Complaint or Third Particularized Complaint. ("Motion for Leave to File," ECF No. 45.) Because the Motion for Leave to File was filed more than twenty-eight days after the entry of the April 19, 2023 Memorandum Opinion and Order, the Motion for Leave to File is governed by Federal Rule of Civil Procedure 60(b). *See In re Burnley*, 988 F.2d 1, 2–3 (4th Cir. 1992).

A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "timeliness, a meritorious [claim or] defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (citing *Werner*, 731 F.2d at 207). Furthermore, a litigant cannot use Rule 60(b) simply to request "reconsideration of legal issues already addressed in an earlier ruling." *CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) (citing *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982)).

In his Motion for Leave to File, Plaintiff fails to identify under what subsection of Rule 60(b) he contends that he is entitled to relief. Further, Plaintiff fails to demonstrate any exceptional circumstances that warrant relief under Rule 60(b). *Dowell*, 993 F.2d at 48. Because the action was dismissed without prejudice, Plaintiff remains free to refile his Proposed Third Particularized Complaint, (ECF No. 45-1), as a new civil action. Accordingly, the Motion for Leave to File, (ECF No. 45), will be DENIED.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Plaintiff.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: June 13, 2023